Harry Halloran Construction Co. and Liberty Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Louis Anderson, Respondents.

Argued September 14, 1978, before Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*Susan McLaughlin,* with her *Joseph R. Thompson,* for petitioners.

*Harry Cohen,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE MENCER, December 18, 1978:

Harry Halloran Construction Company (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) reinstating compensation payable to Louis Anderson (claimant) for a back injury suffered on October 18, 1973. Since the claimant failed to introduce any evidence that his disability had increased or recurred after the date of a prior award terminating compensation, we are compelled to reverse.

The back injury which claimant suffered on October 18, 1973, in the course of his employment, was diagnosed as a disc-type injury. He was paid compensation for this injury from October 19, 1973 until May 16, 1975. On May 20, 1975, the employer filed a petition for termination, pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. In support of its petition, the employer submitted a report of a physician who had examined the claimant and concluded that he was capable of returning to his former position. A hearing was scheduled for September 2, 1975, at which the claimant failed to appear. An order terminating all benefits was entered by the referee on September 25, 1975 and mailed to the claimant on October 18, 1975. On December 22, 1975, the claimant attempted to file an appeal with

the Board. Upon motion of the employer, this appeal was quashed as untimely. No further appeal was taken by the claimant.

Four months later, on April 20, 1976, the claimant filed a petition for reinstatement, also pursuant to Section 413 of the Act. Hearings were held on June 30, 1976 and December 9, 1976. Evidence received by the referee included the claimant's testimony and the deposition of claimant's physician. The evidence indicated that on May 19, 1976, a test known as a lumbar myelogram was performed on the claimant and revealed a defect in the claimant's back suggestive of a disc-type injury. Based on this evidence, the referee found that claimant's total disability had "recurred" on May 19, 1976, the date of the myelogram, and benefits were reinstated. The Board affirmed, and this appeal followed.

It is well established that a claimant's petition under Section 413 for reinstatement or modification of a prior award must be supported by evidence that the disability has recurred or increased *after the date of the prior award. See, e.g., Cerny v. Schrader & Seyfried, Inc.,* 463 Pa. 20, 342 A.2d 384 (1975); *Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). A claimant cannot attempt to relitigate the extent of his disability as determined in the prior award. *Workmen's Compensation Appeal Board v. Booth & Flinn Co.,* 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975). Thus, the issue here is whether the referee's finding that claimant's disability "recurred" on May 19, 1976, is supported by substantial evidence. *See Harman Coal Co. v. Dunmyre,* 474 Pa. 610, 379 A.2d 533 (1977).

We do not believe that the referee's finding is supported by the evidence. The claimant did not testify that his pain had increased or was in any way differ-

ent from that he had experienced prior to September 25, 1975. On cross-examination, claimant admitted that he had experienced pain of the same nature prior to October 1975. Similarly, claimant's physician did not testify that claimant's condition had in any way changed. Rather, he testified that, since 1974, his diagnosis, clincial findings, and recommended treatment had remained unchanged.

The claimant does not appear to dispute this. Along with the referee and the Board, he relies almost exclusively on the results of the myelogram performed on May 19, 1976, to support the critical finding. However, the results of this test do not indicate that claimant's actual physical condition changed in any way. Rather, the test merely indicates that claimant does have a disc-type injury. There is no evidence that the disc injury is causing claimant any more difficulty now than in 1975 when the referee concluded that he was capable of returning to his former position. Claimant is unable, by offering the results of the myelogram, to prove that his condition was more severe than determined by the referee. *See Workmen's Compensation Appeal Board v. Booth & Flinn Co.,* *supra* (where symptoms have not changed and claimant merely puts forth a different medical explanation for them, he has not met his burden of proof). To hold otherwise would allow a claimant, dissatisfied with an award, to visit more doctors, have more tests performed, and seek reinstatement simply because he now has stronger evidence than that previously produced. Absent substantial evidence that a claimant's *actual physical condition* has in fact deteriorated since a prior award, a petition for reinstatement cannot succeed.

## Order

And Now, this 18th day of December, 1978, the order of the Workmen's Compensation Appeal Board,

dated July 14, 1977, affirming a referee's grant of workmen's compensation benefits to Louis Anderson, is hereby reversed, and benefits are hereby denied.

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent. In its Petition for Review of the Board's Order affirming the Referee's decision to reinstate compensation benefits, the Employer alleges that "the Referee erred in his decision to Reinstate Compensation because there was no competent evidence to support a finding of increase or recurrence of disability related to the injury of October 18, 1973." As the majority states, then, the only issue is whether the referee's finding that claimant's disability "recurred" on May 19, 1976, is supported by substantial evidence.

As I read the record, there is ample evidence to support the referee's finding. Dr. Thomas, the orthopedic surgeon who had treated the claimant at the request of the employer's insurance carrier, testified on behalf of the claimant. He stated that when he first saw the claimant on March 21, 1974, he complained of stiffness and pain in the low back area. At that time, the doctor made a diagnosis of lumbar disc type injury. When he saw the claimant on June 6, 1974 and July 12, 1974, again the claimant's only complaints were referable to his low back pain. And again, in September of 1974, his examination of the claimant revealed only complaints of low back pain, with no limitation of motion. However, when Dr. Thomas saw the claimant on March 17, 1976, his testimony reveals a significantly different picture.

Q. Did he have complaints at that time?

A. He continued to complain of disabling back pain. Most of the pain was localized to the low back and at that time appeared to be more on the left side.

*.The past few months he also noted pain in neck and right shoulder, and the right arm tended to go to sleep. He thought he had lost some use of the right hand.* (Emphasis added.) Following that last examination, Dr. Thomas had the claimant hospitalized, a myelogram was performed, and the doctor concluded that "he did have a lumbar disc type injury, that he did not have tumor, but that he did have a protruded lumbar disc at L-4, -5, causing some irritation of the nerve on the left side at that level."[1] The doctor's testimony was corroborated by his letter to the insurance carrier of March 19, 1976 when he reported, "[t]he past few months he has noted some pain in the neck and right shoulder and the right arm tends to go to sleep. He thinks that he has lost some use of the right hand," and that of May 14, 1976, when he stated that "[a]dditionally, he is having some symptoms in the right upper extremity with some numbness and paresthesias."

With respect to the claimant's testimony, he stated that, at the time of the hearing, in addition to the back pain, he had pain in both knees and numbness in the lower part of both legs. There is absolutely no evidence in the record that he had made these particular complaints before this.[2]

In view of the above, it is difficult for me to understand the majority's conclusion that there is no evidence that claimant's injury is causing him any more difficulty now than it was in 1975. In my judgment, there is very substantial evidence to support the referee's findings here, and I would affirm the Board's order of July 14, 1977.

---

[1] The fact that the claimant has a protruding lumbar disc and that this condition is a result of the original accident is not in dispute.

[2] Significantly, in his petition for reinstatement dated April 15, 1976, claimant alleges that "in recent visits to the doctor my disability has become more apparent and painful."