Harris Weinstein/Clyde Shirt Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Virginia K. Hower, Respondents.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

Martin J. Fallon, Jr., Swartz, Campbell & Detweiler, for petitioner.

Richard D. Director, for respondent, Virginia K. Hower.

OPINION BY JUDGE BLATT, April 2, 1982:

The petitioner, Harris Weinstein/Clyde Shirt Company, appeals a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order reinstating total disability benefits to the claimant, Virginia K. Hower, under Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1]

The claimant incurred a back injury on May 6, 1977 while in the course of her employment with the petitioner, and a workmen's compensation referee awarded her total disability benefits from May 6 through September 12, 1977. Relying on the testimony of her medical witness, Dr. Finnegan, to the effect that the claimant's fractured vertabrae had

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §772..

healed, the referee found that she was not disabled as of September 13, 1977. That decision was not appealed.

On March 22, 1979, the claimant filed a petition to reinstate benefits for total disability from the date of September 13, 1977 forward and Dr. Finnegan testified again, this time asserting that the claimant continued to be disabled after September of 1977 and that he performed exploratory surgery in October of 1978 which revealed that she suffered from lumbro-sacral disc degeneration which required disc fusion and that this condition was aggravated by her earlier work-related injury.

The referee granted benefits, concluding that the claimant's total disability "had recurred or continued on or after September 13, 1977." The Board affirmed the order reinstating benefits, holding that the referee could infer from the necessity for surgery that the claimant's condition had changed after September of 1977 and that the claimant was not attempting to relitigate the earlier decision but was presenting evidence that her condition had changed. This petition for review followed.

The petitioner contends that the claimant failed to prove that her disability had increased or changed on or after September 13, 1977 and that the Board and the referee had therefore erred in reinstating benefits.

The general rule is that the claimant has the burden of establishing that a disability has increased or recurred after the date of a prior award, and to meet this burden is required to show that his or her physical condition has actually changed in some manner. *Harry Halloran Construction Co. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 272, 395 A.2d 325 (1978). It is not sufficient merely

to provide additional evidence as to the nature and extent of the original disability, *Halloran*, nor can the burden be met by proving that the disability is attributable to a different medical explanation than that previously advanced, if no actual change in condition has been established. *Workmen's Compensation Appeal Board v. Booth & Flinn Co.*, 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975).

The case at hand is a close and difficult one but, keeping in mind that the Workmen's Compensation Act is to be liberally construed in favor of granting benefits, *P.P.G. Industries, Inc. v. Workmen's Compensation Appeal Board*, 7 Pa. Commonwealth Ct. 588, 300 A.2d 902 (1973), we must find that the Board correctly affirmed the referee's decision.

Our examination of the applicable case law leads us to believe that both *Halloran* and *Booth & Flinn* are distinguishable.

In *Halloran* the claimant sought only to introduce new evidence as to the extent of a disc-type injury which he had incurred and which had been the subject of an earlier award. In support of her reinstatement petition, the claimant here, however, did not merely provide additional evidence of the nature of her original disability, but she introduced the testimony of her medical witness to establish the existence of an entirely new injury and thereby a new disability. The grant of benefits in the initial claim petition was based on a diagnosis that the claimant had suffffered a cracked vertebrae, which had admittedly resolved itself. The petition here concerned was premised on the claimant's disability due to the work-related aggravation of a degenerative disc disease, the discovery of which was masked by her other injury. We would therefore conclude that *Halloran* is not controlling here. Similarly in *Booth & Flinn*, the claim-

ant who had earlier been granted benefits for a 50% disability due to a back injury sought total disability compensation on the grounds that he suffered from a psychological trauma which would not permit him to return to work. We then held that, where there was no indication that the pain which the claimant suffered had increased as a result of his emotional trauma, the original 50% disability determination could not be modified. Although in the instant case, the testimony established that the claimant's symptomology and discomfort were "substantially unaltered" between the injury in May of 1977 and the time of the 1979 hearing, it was undisputed that she was forced to undergo a disc fusion in October of 1978 in order to relieve her condition. We believe that it was within the referee's factfinding role to infer from the necessity for such surgery that the claimant's condition had changed and deteriorated as a result of her newly discovered injury, and we must consequently hold that the referee's findings were supported by substantial evidence and that no error of law or abuse of discretion was committed. *Brockway Glass Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 624, 377 A.2d 1029 (1977).

We will therefore affirm the order of the Board reinstating benefits.

ORDER

AND Now, this 2nd day of April, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed and

It is ordered that judgment be entered in favor of Virginia K. Hower and against Harris Weinstein/ Clyde Shirt Co. and/or its insurance carrier, Fireman's Fund American Insurance Company reinstating compensation payments at the rate of $99.50 per

week and continuing thereafter within the provisions of The Pennsylvania Workmen's Compensation Act and

It is further ordered that deferred payments shall bear interest at the rate of 10% per annum from the date due and

It is further ordered that payment be made for the following reasonable medical expenses:

| | |
|---|---|
| Allentown Sacred Heart Hospital Center | $5,029.70 |
| Walter J. Finnegan, M.D. | $1,596.50 |
| Home Care Medical Equipment | $ 25.95 |

And it is further ordered that payment of witness expenses in the amount of $300 be made and

It is further ordered that counsel fees of 20% shall be deducted from all compensation payable to Ms. Hower and said amount shall be paid to Richard D. Director, Esquire.