Leonard Anderson, Petitioner *v.* Workmen's Compensation Appeal Board (Republic Steel Corporation), Respondents.

582

Argued May 7, 1982, before Judges ROGERS, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Margaret D. Blough,* with her *Kenneth D. Yablonski,* for petitioner.

*Scott E. Becker, Thomson, Rhodes & Grigsby,* for respondents.

OPINION BY JUDGE ROGERS, July 22, 1982:

Leonard Anderson has filed a Petition for Review of an order of the Workmen's Compensation Appeal Board affirming a referee's decision dismissing his petition for reinstatement of workmen's compensation benefits for total disability under Section 413 of The Pennsylvania Workmen's Compensation Act, Act of

June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. We affirm.

The claimant was employed as a mechanic for Republic Steel Corporation when, on June 2, 1975, while in the course of his employment he sustained injuries to his left ear causing serious and permanent disfigurement. The claimant and employer entered into a stipulated agreement that the claimant was entitled to compensation for an eleven week period beginning June 11, 1975. This stipulation was incorporated into a September, 1976 referee's order which was not appealed by either of the parties. As part of this agreement, the parties stipulated that

> 4. Claimant has failed to produce any medical evidence which would support his claim that he sustained any injury other than disfigurement in the incident described above and outlined in his claim petition. All claims for compensation other than disfigurement resulting from this incident shall be dismissed with prejudice.

The claimant signed, sometime after September, 1976 an undated final receipt. On October 12, 1978, the claimant filed a petition to set aside final receipt, later amended by the claimant to a petition for reinstatement, claiming that his disability had recurred and that he was unable to work. Specifically, at a referee's hearing, the claimant complained that he suffered from continued headaches and that as a result, he missed work August 16, 1978 to November 10, 1978. At the final referee's hearing, the letter reports of Dr. Lowell C. Lubic and Dr. Peter E. Sheptak were introduced into evidence.[1] The referee made the following pertinent findings of fact:

---

[1] The claimant's petition was the subject of three hearings before the referee and two remands by the Board directing the petition to set aside be amended to a reinstatement petition and to allow for the taking of additional evidence.

3. On October 24, 1975, claimant filed with Bureau a claim petition against employer requesting compensation for alleged disfigurement and/or disability. Said petition was assigned to Referee Laughlin who rendered an adjudication dated September 27, 1976, which was circulated on October 15, 1976. No timely appeal was taken from said adjudication, which is incorporated herein by reference thereto.

4. The instant petition concerns the same ultimate issues, parties, injury, and subject matter involved in the said claim petition and adjudication. This would obtain regardless of the designation of the instant petition.

. . . .

6. Claimant has failed to prove any increase or recurrence of any disability.

7. Claimant has failed to prove by competent medical evidence a causal connection between his injury on June 2, 1975, and the time he was off work from August 16, 1978, to and including November 10, 1978.

8. Claimant failed to establish by competent medical evidence a causal relationship between said injury and his alleged disability.

9. Claimant failed to sustain his burden of proof.

The referee dismissed the Claimant's petition and on appeal, the Board affirmed.[2]

The claimant first contends that the referee's determination is not supported by substantial evidence.

[2] Counsel for the parties agreed at argument that the Board's statement in its final decision and order that the claimant presented no medical reports was erroneous.

On a reinstatement petition, the claimant has the burden of establishing that a disability has increased or recurred after the date of the prior award and to meet this burden is required to show that his or her physical condition has actually changed in some manner. *Harris Weinstein/Clyde Shirt Company v. Workmen's Compensation Appeal Board, (Hower)*, 65 Pa. Commonwealth Ct. 598, 443 A.2d 857 (1982); *Henderson v. Air Master Corporation*, 2 Pa. Commonwealth Ct. 275, 276 A.2d 581 (1971). Where the party with the burden of proof failed to prevail below, review by this court is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Walsh v. Penn Anthracite Mining Company*, 147 Pa. Superior Ct. 328, 24 A.2d 51 (1942).

The claimant's only expert medical evidence was the letter reports of Dr. Lubic and Dr. Sheptak. In his letters, Dr. Sheptak reports no physiological abnormalities and found no link between the claimant's subjective symptoms and his work-related accident. Dr. Lubic also reported he found no neurological disorders in the claimant stating

> On the basis of the data available, I cannot document any serious or progressive intracranial disease to account for the patient's symptoms. The symptoms appear to represent a postconcussion phenomenon which is psychophysiological in origin. . . .

The claimant testified as follows about his condition:

> Q: Would you indicate to the Referee when you were off work in 1978?
>
> A: Between August 16 to November 10 of this year.

Q: Okay. What was the nature of your problem?

A: Well, I was having problem all year, since I signed that petition—or that final receipt. And the company knew of that, that I was having headaches. They were sending me to a Dr. Powell in Waynesburg, which he offered a type of medicine for the inner ear which didn't help me at the time. And I kept going back to Dr. Powell, which he couldn't do me any good. So, I went to see the superintendent—that was Donald Shipley (sic) at the time—and he sent me to Dr. McGee in Uniontown, which referred me to Dr. Lubic and Sheptak in Iroquois Building in Oakland.

Q: In Pittsburgh?

A: Yes. This is one year, that was a year ago. Finally, they sent me there again this year.

Q: And this is Dr. Lubic?

A: Lubic. And Sheptak at this time.

Q: Did you continue to see these doctors during the period that you were off in August to November?

A: Yes.

Q: Did they prescribe treatment and medication for you?

A: Yes.

Q: You went back to work on November 11, 1978?

A: Right.

We cannot say that the referee erred in discounting the claimant's testimony and expert medical evidence

which was tenuous at best. The referee's factual determination that the claimant failed to meet his evidentiary burden, therefore, was not in capricious disregard of the evidence of record and is binding on this court.

The referee, as an alternative ground in support of his order, held that the referee's order of September, 1976 awarding benefits for serious and permanent disfigurement only barred, on the principles of res judicata, all later claim on account of disability growing out of injuries suffered in the June 2, 1975 accident. We are inclined to agree with the claimant that the issues are different and that res judicata does not bar his reinstatement petition. However, this is only an alternative basis for the decision below and the order here under appeal is conclusively supported by the findings made without capricious disregard of evidence that the claimant simply failed to prove a recurrence of disability.

Order affirmed.

ORDER

AND Now, this 22nd day of July, 1982, the order of the Workmen's Compensation Appeal Board is affirmed.