National Minerals and North River Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Bernard Thomas), Respondents.

Argued March 2, 1983, before President Judge
CRUMLISH, JR. and Judges MACPHAIL and BARBIERI,
sitting as a panel of three.

*Francis E. Pipak, Jr., Meyer, Darragh, Buckler,
Bebenek & Eck,* for petitioners.

*Jay Y. Rubin,* for respondents.

OPINION BY JUDGE BARBIERI, April 28, 1983:

National Minerals and its insurance carrier, the
North River Insurance Company (Petitioners), appeal
here from an opinion and order of the Workmen's
Compensation Appeal Board (Board) affirming a ref-
eree's dismissal of their petition to set aside a notice
of compensation payable. We reverse and remand.

Bernard Thomas, an employee of National Min-
erals, was injured on September 22, 1979, when a trac-
tor trailer he was driving jacknifed on a road in Vir-
ginia. Since Mr. Thomas was disabled by injuries he
sustained in this accident, Petitioners began to pay
him total disability benefits pursuant to a notice of
compensation payable dated October 22, 1979. On
March 10, 1980, however, Petitioners filed a petition
to set aside this notice of compensation payable alleg-
ing therein that Mr. Thomas was disqualified from re-
ceiving benefits by the provisions of Section 301(a) of

The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §431, since his accident resulted from his driving while intoxicated, a misdemeanor under the applicable Virginia statutory law. At a hearing on this petition, conducted on January 21, 1981, Mr. Thomas testified (1) that he had not consumed any alcoholic beverages on the day of the accident and (2) that his accident resulted from the evasive actions he had to take when a pickup truck unexpectedly pulled in front of him causing him to pull off the right side of the road where there was a ten or twelve inch drop off. Petitioners, for their part, (1) offered into evidence a hospital report which stated that Mr. Thomas had a .265 blood alcohol content when he was examined at the hospital immediately after his accident, and (2) offered into evidence the deposition of a Dr. Charles L. Winek, a toxicologist, who testified, *inter alia,* that to a reasonable degree of medical certainty, Mr. Thomas' accident resulted from his driving while intoxicated. After evaluating the evidence adduced at the hearings before him, the referee made, amongst others, the following three findings of fact:

8. The only evidence presented by the [petitioners] was the testimony of Doctor Charles L. Winek, a Toxicologist, who did not examine the claimant or make any inquiries regarding the validity of the blood alcohol reported in the hospital records.

9. The claimant was at the time of his vehicle accident and injury under the influence of alcohol.

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431. Section 301(a) provides in part that "no compensation shall be paid when the injury or death . . . is caused by the employe's violation of law, but the burden of proof of such fact shall be upon the employer. . . ."

10. No competent evidence was offered that the operation of the vehicle under the influence of alcohol caused the accident which occurred in the course of claimant's employment.

The referee then concluded that since the Petitioners had failed to prove "by competent and credible evidence" that Mr. Thomas' accident was caused by his driving while intoxicated, the petition to set aside the notice of compensation payable would be denied. On appeal, the Board affirmed the referee without taking any additional evidence. The present appeal followed.

Section 301(a) of the Act places the burden of proving that an injury resulted from an employee's violation of the law on the employer. *Abbotts Dairies v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 423, 393 A.2d 517 (1978). Where, as here, the employer attempting to establish this fact has not prevailed below, our scope of review is limited to determining whether any constitutional rights were violated or error of law committed, and to determining "whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence." *Anderson v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 581, 585, 447 A.2d 1081, 1082 (1982). Of course, where the Board has taken no additional evidence, "the referee is the ultimate factfinder on the credibility and weight of the evidence." *Schiavo v. Workmen's Compensation Appeal Board,* 68 Pa. Commonwealth Ct. 479, 481, 449 A.2d 816, 817 (1982).

In their brief to this Court, Petitioners allege that the referee capriciously disregarded the testimony of Dr. Winek indicating that Mr. Thomas' accident resulted from his intoxicated state. However, as Pe-

titioner's counsel correctly noted at oral arguments before this Court, and as the referee's findings clearly show, the referee did not simply disregard Dr. Winek's testimony, but instead found it to be incompetent, a characterization which we believe to be incorrect.

In his deposed testimony, Dr. Winek testified that given the blood alcohol content found in Mr. Thomas' blood after the accident, and the alcohol dissipation rate common to 98 or 99 per cent of the population, Mr. Thomas would have had a blood alcohol content of from .225 to .305 at the time of the accident. Dr. Winek further testified that an individual of Mr. Thomas' age and weight would have significantly impaired sensory and motor functions at a .225 blood alcohol content level and could not safely operate a motor vehicle. Finally, in response to a hypothetical question which assumed, based on Mr. Thomas' testimony, that Mr. Thomas' truck had run off the side of the road and struck a pot hole, Dr. Winek testified that "it is my opinion that this accident was the direct result of [Mr. Thomas'] ingestion of alcohol, that he was significantly intoxicated at the time of this accident to a level of a minimum of .225."

This evidence, based on the hospital reports admitted and apparently found credible by the referee in finding of fact number nine, was, in our view, clearly *competent* evidence on the question of whether Mr. Thomas' accident could have been caused by his intoxication. While it is indeed true that Mr. Thomas' accident might have occurred even if he had not been intoxicated, this possibility does not render evidence indicating that his sensory and motor skills were impaired incompetent. Instead, it places an issue of fact before the referee, and of course, the referee, as the fact finder, is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part, in resolving such factual issues. *Bowes v.*

*Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980). As we stated in *Abbotts Dairies,* "[t]hat the accident might possibly have resulted from some other and unknown occurrences . . . would not preclude the referee's finding that the death was a result of the decedent's being under the influence of intoxicating liquor." *Id.* at 428, 393 A.2d at 519. Accordingly, we believe that the referee erred as a matter of law by finding that no competent evidence was submitted by Petitioners on the issue of causation, and we will therefore remand this case so that new findings of fact can be made on the issue of causation.

### ORDER

Now, April 28, 1983, the order of the Workmen's Compensation Appeal Board dated February 11, 1982, affirming a referee's dismissal of the Petition to Set Aside Notice of Compensation Payable and Termination filed by National Minerals and the North River Insurance Company, is reversed, and the record in this case is hereby remanded to the Workmen's Compensation Appeal Board for proceedings not inconsistent with the opinion above. Jurisdiction relinquished.