Nancy Oshinski, Petitioner *v.* Workmen's Compensation Appeal Board (Lincoln Bank), Respondents.

Argued September 12, 1984, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Sanford S. Marateck, Lark, Makowski, Marateck & Konopka,* for petitioner.

*Ronald F. Bove,* with him, *David A. Pennington, Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE BARBIERI, November 28, 1984:

Nancy Oshinski, Claimant, appeals here the order of the Workmen's Compensation Appeal Board (Board) reversing a referee's dismissal of the Petition For Suspension filed by Lincoln Bank, Employer, and its insurer. We will reverse and reinstate the referee's order dismissing Employer's petition and ordering that compensation payments be continued.

Claimant suffered a compensable injury on May 30, 1972,[1] for which total disability compensation benefits were paid until Claimant was able to reemploy herself on May 31, 1978 in a job with duties within her diminished capabilities. During this employment she was paid partial disability benefits until the period from September 24, 1978 through May 26, 1979 when her earnings exceeded her pre-injury average weekly wage, so that all benefits during that period were properly discontinued.[2] The referee's findings include the following:

2. Claimant returned to work as a clerk for another company and on May 27, 1979, she resigned the position to accompany her husband to the Shamokin area.

3. Claimant has been unable to obtain employment within her physical capacity in the Shamokin area.

4. Defendant has failed to show the existence of any occupation within the claimant's current

---

[1] The record reveals that Claimant suffered a serious back injury requiring disc surgery in 1973. She continues to suffer from chronic low back pain with incapacity to perform work involving bending, stooping or lifting.

[2] See Section 306(b), The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, 77 P.S. §512, and see Metzger v. Workmen's Compensation Appeal Board (Heidelberg Township Supervisors), 84 Pa. Commonwealth Ct. 565,     A.2d     (1984).

residential area which can be performed by her within her physical limitations.

5. Defendant failed to show the availability of any occupation which the claimant could perform in any area.

The Board, in reversing the referee, ruled that Claimant having established an earning power, despite her continuing disability, had thus shifted the burden of proof from the employer to herself requiring that she prove that her physical condition had changed, citing our decision in *Anderson v. Workmen's Compensation Appeal Board (Republic Steel Corporation)*, 67 Pa. Commonwealth Ct. 581, 447 A.2d 1081 (1982). The burden was shifted, argued the Board, because Claimant had worked thereby establishing no loss of earning power and "[I]f the claimant had not worked prior to moving to the Shamokin area, we agree the defendant would have to show work available in that area," citing *Shenango, Inc. v. Workmen's Compensation Appeal Board (Del Brocco)*, 67 Pa. Commonwealth Ct. 500, 447 A.2d 717 (1982) and *Yellow Freight Systems, Inc. v. Workmen's Compensation Appeal Board (Dennis)*, 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977).

In our view, the Board has misapplied our decision in *Anderson* and misconstrued the principles applicable in cases of continuing disability where there are efforts at re-employment. *Anderson*, of course, is totally inapposite, because in that case the proceedings were pursuant to a Reinstatement Petition filed by the claimant after an unappealed order of termination had been ordered by a referee. The burden there was clearly on the claimant and it was there held that the decision against the claimant did not represent a capricious disregard of evidence.

In this case, however, there has never been a termination order or final receipt but simply a cessation of payments based on the extent of earnings, quite like the situation in *Busche v. Workmen's Compensation Appeal Board (Townsend & Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983), where we stated:

> [I]f it is shown . . . that Claimant's total disability continued, relieved only by his period of reemployment . . . proof of the discontinuance of such employment is Claimant's only burden and an employer who chooses not to continue payments must then, as stated in Unora,[3] assume the burden to establish the existence of the selective type job that Claimant is able to perform. Barrett v. Otis Elevator Co., 431 Pa. 446, 246 A.2d 668 (1968); Petrone v. Moffat Coal Co., 427 Pa. 5, 233 A.2d 891 (1967).

*Id.* at 747, 460 A.2d at 280.

As in *Busche,* Claimant's disability is undisputed[4] and under such circumstances, contrary to the Board's view, the disposition in this case is controlled by our rulings in *Shenango*[5] and *Yellow Freight.* Particularly pertinent, in our view, is our ruling in *Yellow Freight,* where the claimant as in this case, had moved

---

[3] *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A.2d 104 (1954).

[4] Dr. David Charles Bush, a deposition witness for defendants testified that Claimant "is not a good candidate to go back to anything that is going to require a lot of bending, stooping or heavy lifting."

[5] In *Shenango*, the employee had left the country to take up residence in Italy. In sustaining the continuation of benefits to claimant, we pointed out that defendant had failed to prove work availability in either country. In the instant case, we note that the referee's fifth finding, quoted in the text of this opinion, finds the failure to show "availability of any occupation which the claimant could perform *in any area.*" (Emphasis added.)

to a location where there was lessened job availability. We there stated:

> [I]t is well established that "[w]here the injured person can perform only work specially fitted to his physical condition, the burden is on the employer to show that such work *is in fact within reach* and absent such proof the claimant must be compensated as for total disability." Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund, 19 Pa. Commonwealth Ct. 605, 609, 339 A.2d 158, 160 (1975). (Emphasis added.) The possible availability of work in the area of a claimant's previous residence cannot realistically be said to be "in fact within reach" when, as here, the claimant has since resettled elsewhere under circumstances which do not indicate a lack of good faith in the move itself and in subsequent attempts to find work within his physical capabilities. (Emphasis added by the Court.)

*Id.* at 150, 377 A.2d at 1306.

Whether or not a "lack of good faith in the move" should be a determining factor, there is no suggestion of bad faith in this case and in fact the referee's third conclusion of law reads: "Claimant has produced evidence of good faith attempts to obtain employment in the Shamokin area consistent with her physical limitations."

Finally, we find inapplicable here the cases relied upon by the Board: *Mickels v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 109, 428 A.2d 1035 (1981) and *Huff v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 646, 453 A.2d 753 (1982). The decision in each of those cases turned on medical testimony, whereas no

186

such medical issue is involved here, just availability of work.[6]   Accordingly, for the reasons stated, we will reverse and reinstate the decision and order of the referee.

ORDER

Now, November 28, 1984, the order of the Workmen's Compensation Appeal Board, dated May 19, 1983, is reversed and the order of the referee dated October 27, 1981 is reinstated.

---

[6] In *Mickels*, there was proof of available jobs, all of which were rejected by claimant. In *P.P.G. Industries v. Aites*, 7 Pa. Commonwealth Ct. 588, 300 A.2d 902 (1973), also urged as an authority supporting the employer's position, the employee left his employment in order to pursue a career in the ministry, thereby taking himself out of the available labor market.