516 A.2d 1331

Pedro Serrano, Petitioner *v.* Workmen's Compensation Appeal Board (C. Erickson & Sons), Respondents.

Submitted on briefs June 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Francis X. Dillon, Timby and Dillon, P.C.,* for petitioner.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondent, C. Erickson & Sons.

OPINION BY JUDGE DOYLE, October 31, 1986:

Pedro Serrano (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which reversed a referee's reinstatement of Claimant's partial disability benefits.

Claimant suffered a work-related low back injury on December 13, 1978 in the course of his employment as a construction worker with C. Erickson & Sons (Employer). He received benefits for total disability from the date of the injury until June 29, 1979, when Employer filed a termination petition. On August 6, 1980, a referee issued an order terminating Claimant's benefits as of June 18, 1979. This order was affirmed by the Board on February 19, 1981.

On July 10, 1981, Claimant filed a reinstatement petition, alleging that benefits should be reinstated as of June 18, 1979, the same date they had been terminat-

ed. Pursuant to this petition, a referee determined that since the termination date, Claimant's condition had deteriorated to the extent that as of June 26, 1981, he was re-eligible for partial disability benefits. In support of his decision to award partial rather than total benefits, the referee indicated that Claimant was capable of performing light duty work, and that such work was available to him.

Claimant and Employer both appealed from this decision, Claimant contending that the finding regarding availability of light duty work was not supported by the record, and Employer contending that the finding that Claimant's condition had worsened was not supported by the record. The Board sustained Employer's appeal and dismissed Claimant's. Claimant now appeals to this Court alleging that the referee made a credibility determination in favor of Claimant's medical experts, and the Board exceeded its scope of review in overturning this determination. Claimant has also preserved his argument with respect to the availability of light-duty work.

In a workmen's compensation case, the referee, and not the Board, is the ultimate fact finder. *Lesneski v. Workmen's Compensation Appeal Board (Pittsburgh Press Co.)*, 94 Commonwealth Ct. 18, 503 A.2d 73 (1985). The Board is limited, as is this Court, to determining whether substantial, competent evidence supports the referee's findings of fact or whether an error of law was committed. *Id*. In the present case, the Board determined that a necessary finding by the referee, viz., that Claimant's condition had changed for the worse since his benefits were terminated, was not supported by substantial competent evidence in the record. We agree.

In a reinstatement petition the claimant bears the burden of establishing that a disability has increased or recurred after the date of the prior award, and, to meet

this burden must show that his or her physical condition has actually changed in some manner. *Harry Halloran Construction Co. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 272, 395 A.2d 325 (1978); *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon),* 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983).

Employer correctly points out that an increase or recurrence of disability was not even alleged by Claimant in this case. His petition for reinstatement indicated that since the termination date he has been *continuously* disabled. To back up his petition, he relied on the testimony of Dr. Rabson, who examined Claimant the first time on June 26, 1981, and concluded on the basis of that examination that he currently was unable to do construction work due to a chronic lumbosacral strain. Dr. Rabson had no knowledge of Claimant's prior condition or injury other than that gained through notes which were taken by the doctor's secretary on the basis of information gathered from Claimant himself. When asked whether or not he would have found Claimant disabled in June of 1979, Dr. Rabson was unable to venture an opinion either way. The doctor did express an opinion, in the form of a conclusion, that Claimant's condition had worsened since June of 1979. When asked the basis of such opinion, however, Dr. Rabson stated that since two doctors had testified in June of 1979 that Claimant was able to return to work, and since in his own opinion, Claimant was currently unable to work, then the conclusion *must* be that Claimant had worsened. Dr. Rabson's opinion, however, could just as well represent a medical opinion that differed from the medical evidence relied upon by the compensation authorities that formed the basis of their determination to terminate as of June of 1979. In other words, Dr. Rabson's medical opinion could simply represent an ongoing

dispute over whether the disability of the Claimant had ceased or terminated in 1979. The Claimant is really advancing the argument that his disability never ceased, but *continued*.

Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jerry Green & Sons v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 263, 437 A.2d 1279 (1981). We agree with the Board that Dr. Rabson's testimony did not constitute substantial evidence of a change in Claimant's condition. As Employer points out, the usual situation in a termination case is that the employer will present expert testimony that the claimant's disability has ceased, and the claimant will present contradictory expert testimony that it has not. If a claimant is permitted to base evidence of a change or recurrence for reinstatement purposes on the mere fact that a credibility determination with respect to his allegedly continuing disability was rendered against him on a prior occasion, the requirement that Claimant *prove* such a change would be rendered absolutely meaningless. Because of our resolution of this issue we need not consider whether the record supports the referee's finding of work availability.

We will affirm the Board.

ORDER

Now, October 31, 1986, the order of the Workmen's Compensation Appeal Board, No. A-86000, dated September 27, 1984, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE CRAIG:

After a final order had established a termination of disability despite contrary medical evidence offered by the claimant, the same referee subsequently reinstated

partial disability status as of a date approximately two years after the termination date, on the basis of a medical opinion from a different doctor who first examined the claimant on that later date.

Is the evidence legally insufficient for a reinstatement simply because the plaintiff has not supplied *independent* proof that his disability had diminished or ceased after the termination date, so as to demonstrate that the reinstatement-date status constituted an increase or recurrence of disability?

In this case, the claimant's successive medical experts have consistently placed on the record their opinions that he was disabled on June 18, 1979, and also on June 26, 1981. Because the referee and the board declined to accept the first opinion, and accordingly terminated disability status as of June 18, 1979, the record shows a final adjudication of the non-existence of disability as of that date. The physician who next examined the claimant—seeing him initially on June 26, 1981—testified that the claimant was *then* disabled, but that physician, of course, could not testify upon a firsthand basis that the claimant's disability had been less severe or non-existent previous to that 1981 date; that second doctor logically could only accept the employer's expert testimony to the effect that disability had been less or non-existent earlier, in 1979, just as the referee and board had accepted that testimony as the basis for a final termination adjudication as of that earlier date.

Certainly, as to a reinstatement petition, the claimant bears the burden of establishing that the disability has increased or recurred after the date of the prior award, and, to meet that burden must show that his or her physical condition has actually changed in some manner. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon)*, 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983).

However, where a claimant's earlier evidence has supported the existence of disability, but the claimant has lost at that point, why should the claimant be barred from pointing to that losing determination in order to identify his subsequent disability status as a recurrence? If the claimant's medical witness or witnesses familiar with his condition on the termination date have deemed him to be then disabled, must the claimant somehow later turn around and concoct independent evidence to establish a lessening or disappearance of disability?

Perhaps a claimant could lay a basis for proof of a recurrence by procuring for himself a repetition of the medical testimony previously given for the employer, which had declared him not to be disabled at the earlier juncture. But why should the claimant have to resurrect that adverse testimony when the workmen's compensation officials have accepted it as conclusive, and it has crystallized in a result which is *res judicata?*

Although the claimant's 1981 doctor did not explicitly describe the claimant's condition in relative terms as "worse" than it was previously, when a physician, with reference to a person previously held to be able, declares that person to be currently disabled, it would seem that such an opinion inescapably connotes, as a matter of logic, that the current condition is "worse" than the previous one.

Here the Workmen's Compensation Appeal Board theorized that the claimant must obtain independent proof to show a worsening of his condition, rather than rely upon the board's own determination, because to hold otherwise "would allow a Claimant, dissatisfied with an award, to visit more doctors, have more tests performed, and seek reinstatement simply because he has stronger evidence than previously produced." However, as noted above, the less palatable alternative appears to be that, in a situation such as the present

one, the claimant would have to pursue the invention of proof contrary to his earlier presumably honest submission, in order to comply with the change-of-condition test.

*Harry Halloran Construction Co. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 272, 395 A.2d 325 (1978) is distinguishable because in that case the claimant did not testify that his pain had increased or was in any way different from that which he had previously experienced, while, in this case, the claimant acknowledged that he could work briefly on one date after the termination date but was not thereafter able to work. Moreover:

> In *Halloran* the claimant sought only to introduce new evidence as to the extent of a disc-type injury which he had incurred and which had been the subject of an earlier award. . . .

*H. Weinstein/Clyde Shirt Co. v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 598, 601, 443 A.2d 857, 858 (1982). The *Weinstein* case, in which this court affirmed the reinstatement of benefits granted by board and referee, involved elements both similar and dissimilar to the present case. There, as here, the claimant sought reinstatement of benefits from the date of the previous unappealed benefits termination decision. On the other hand, the medical proof in *Weinstein* indicated a fresh cause of disability, a work-related aggravation of a degenerative disc disease, which was recognized as a qualitative change of condition from the fractured vertebrae causing the original disability. However, there obviously can be a valid recurrence of a disability even where the medical nature of the condition is the same as that which was involved in the original disability. Therefore, the *Weinstein* case illustrates an alternative basis for a reinstatement, but not the exclusive basis upon which a reinstatement may be founded.

Even though we might have some skepticism about the referee's credibility determinations in this case, which accepted the conclusions of the employer's doctor as of the earlier date and rejected them as of the later date, the referee nevertheless remains the arbiter of such credibility questions, not the board.

The board's decision should be reversed because the board has sought to negate a credibility determination by the factfinder, which is well founded on the basis of (1) the earlier adjudication of non-disability, and (2) the substantial competent expert evidence that disability existed subsequently—and therefore had recurred.

Moreover, such a reversal order should direct a modification of the referee's decision, to require that total disability status be reinstated. The claimant asserts the principle that the employer has the burden of establishing that work is reasonably available to the claimant within the medical restriction imposed and compatible with the claimant's educational and vocational background, by proof that suitable jobs are available in the local job market. *Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.2d 668 (1968); *Livingston v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 497, 447 A.2d 715 (1982). The employer straightforwardly agrees with that principle and also soundly agrees with the claimant's correct assertion that there is not a shred of support for the referee's Finding No. 5, wherein he found that work was available to the claimant in the marketplace at $3.35 a hour for a forty-hour work week. Of course, the employer's position is that this work availability issue—which the claimant has also preserved—is not reached because of insufficient proof of disability. However, for the reasons stated above, the record supplies an adequate basis for the referee's findings reinstating disability, which remains total in scope so long as the employer has laid no work availability basis for a partial disability determination.