**Harral SERGEANT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (INTERIM PERSONNEL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1996.

Decided Dec. 19, 1996.

---

1. Siemel also raises several additional arguments; however, because of my disposition on this issue raised by Siemel, I would not address these other arguments.

Andrew Onwudinjo, Pottsville, for petitioner.

Patrick R. Casey, Scranton, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Harral Sergeant (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the Workers' Compensation Judge's (WCJ) modification and suspension of Claimant's benefits. We affirm.

On June 26, 1992, Claimant, while employed with Interim Personnel (Employer), sustained a work-related injury.[1] On November 29, 1993, Employer filed a petition to terminate and/or modify Claimant's compensation, alleging that Claimant had fully recovered, work was available to him, but that Claimant had not acted in good faith by failing to take the job that had been offered to him. Claimant responded that he had been advised to relocate to a warmer climate, had done so, and thus, no job was available to him.

At a hearing before the WCJ, Employer's account executive, Doreen Sandutch, testified that she had advised Claimant via telephone of a position as an inspector that would present no loss of earnings. Claimant was to begin work on November 1, 1993 and he displayed satisfaction with the proffered job. However, Claimant did not show up for work and neither called nor advised Ms. Sandutch why he had failed to show up for the position.

Claimant testified that he was advised by his physician, Landis Heistand, M.D., that he should move to a warmer climate and that he telephoned someone at Employer's office to

---

1. Two notices of compensation payable were filed, the first for tendinitis of Claimant's left hand, the second for injury to Claimant's left wrist and left fourth and fifth toe. (145a.)

tell them that he was moving to Tennessee on advice of his physician. Dr. Heistand testified, via deposition, that he could not recall when a discussion regarding the suggestion of moving to a warmer climate took place (116a–117a), but presented his note *dated January 24, 1994*, over two months after Employer had found a job for Claimant, which mentions the suggestion.

The WCJ credited Employer's testimony and concluded that Claimant had not met his burden of proving that he exercised good faith, thus, denying benefits. On appeal, the WCAB affirmed.

On appeal to this Court,[2] Claimant argues that the WCAB erred as a matter of law in affirming the WCJ's holding that Claimant failed to meet his burden of proving good faith because the WCJ's findings of fact were not supported by substantial evidence.[3]

■ The WCJ made several findings upon which it based its conclusion that Claimant had not acted in good faith. First, the WCJ found that Claimant never informed Employer that he was moving to Tennessee. The WCJ also found that the only evidence presented to support Claimant's assertion that Dr. Heistand advised him to move to a warmer climate was a note dated January 24, 1994, well after the job was offered to Claimant on November 1, 1993. We have carefully reviewed that evidence and find that substantial evidence does support these findings.

■ Because questions of credibility, resolutions of conflicting testimony and the weight to be given the evidence are all matters to be resolved by the fact-finder, here the WCJ, and not this Court, *Snyder v. Workmen's Compensation Appeal Board (Kroger's Co.)*, 50 Pa.Cmwlth.227, 412 A.2d 694 (1980), we will not disturb them. Further, the WCJ has broad discretionary pow-

ers and may accept or reject testimony of any witness in whole or in part. *Kope v. Workmen's Compensation Appeal Board (Borg Warner Corp.)*, 98 Pa.Cmwlth.341, 510 A.2d 1294 (1986).

■ In an application for modification or suspension, the employer bears the initial burden of proof to establish that there is alternate employment available, which a claimant can perform within the restrictions imposed by the work-related injury. If the employer establishes that a then-open position was offered to the claimant with medical clearance, and which was within the claimant's job skills, the burden then shifts to the claimant to demonstrate that he or she has in good faith followed through in the job referral. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

Therefore, the central issue here decided by the WCJ was whether Claimant acted in good faith in failing to follow through on the job referral that had been approved by both Employer's expert and Claimant's own treating physician. In order to come to that decision, the WCJ had to make credibility determinations to resolve the conflicting testimony between Claimant and Employer's witnesses.

Claimant argues in his brief that the WCJ made no finding as to whether the relocation itself was in good faith reliance on his physician's own advice; however, Claimant's argument is without merit as the WCJ did make a finding that the relocation itself was not in good faith because Dr. Heistand, who recommended Claimant move to a warmer climate, could not recall when the discussion had taken place but could only identify a note dated January 24, 1994, well after the November 1, 1993 job was to begin.[4]

---

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

3. *Substantial* evidence is that quantum of relevant evidence which a reasonable mind would deem adequate to support a conclusion. *Czap v. Workmen's Compensation Appeal Board (Gunton*

*Corp.)*, 137 Pa.Cmwlth.612, 587 A.2d 49 *appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991).

4. Claimant also relies upon the case of *Oshinski v. Workmen's Compensation Appeal Board (Lincoln Bank)*, 86 Pa.Cmwlth.181, 484 A.2d 225 (1984), for the proposition that if a claimant relocates for a bona fide reason, whether or not they have returned to work for an employer, then the burden of proof remains with the employer to establish that there was work actually available

Therefore, we hold that the WCAB did not err in affirming the WCJ's determination here.

Accordingly, we affirm.

### ORDER

AND NOW, this 19th day of December, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

to the claimant in the new geographic area. However, the facts in *Oshinski* are distinguish-

able as the claimant there never received a job offer from his employer.