Keystone Trucking Corporation and Liberty Mutual Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Edward Wilson and Commonwealth of Pennsylvania, Department of Labor and Industry, Respondents.

Argued December 8, 1978, before Judges Rogers, DiSalle and Craig, sitting as a panel of three.

*John A. Fitzpatrick,* with him *Joseph R. Thompson,* for petitioners.

*Sandra S. Christianson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE ROGERS, February 6, 1979:

The Department of Labor and Industry, by a Deputy Secretary, sent a written notice to Liberty Mutual Insurance Company of hearing to be conducted for the purpose of determining whether Liberty Mutual had failed to make timely and prompt workmen's compensation payments to one Edward Wilson in violation of designated sections of The Pennsylvania Workmen's Compensation Act[1] and whether Liberty Mutual should be penalized for such actions in accordance with Section 435[2] of the Act. The department appointed a workmen's compensation referee to preside at the hearing.

Liberty Mutual filed a petition with the Workmen's Compensation Appeal Board, raising a number of the questions which will be discussed in this opinion and asking the Board to direct the referee appointed not to proceed with the hearing. The Board denied the prayer of Liberty Mutual's petition without opinion and Liberty Mutual has appealed.[3]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[2] 77 P.S. §991.

[3] The Department of Labor and Industry although it has not filed a motion to quash, argues that we should quash Liberty Mutual's appeal of our own motion on the ground that the appeal is from an interlocutory order. The department equates the board's refusal to order the referee not to conduct the hearing with orders of the board remanding cases for additional evidence. In addition, the department quite correctly points out that since no evidentiary record has been made Liberty Mutual's arguments based on the manner in which it asserts the proposed hearing will be conducted are speculative and that an appeal before the conclusion of the

Section 435 was added to the Workmen's Compensation Act with other amendments to the Act made by Act No. 12 of February 8, 1972, P.L. 25. The preamble to the amendments recorded as a deficiency intended to be cured the fact that although the Act gave the Department of Labor and Industry the responsibility for enforcing the Act, it failed to give the department needed powers and mechanisms to require employers to make reasonably prompt payment of compensation. Section 435 was designed to supply the need. It reads pertinently as follows:

435(a) The department shall establish and promulgate rules and regulations consistent with this act, which are reasonably calculated to:

(i) expedite the reporting and processing of injury cases,

(ii) insure full payment of compensation when due,

(iii) expedite the hearing and determination of claims for compensation and petitions filed with the department under this act,

(iv) provide the disabled employe or his dependents with timely notice and information of his or their rights under this act,

(v) explain and enforce the provisions of this act,

(b) If it appears that there has not been compliance with this act or rules and regulations promulgated thereunder the department may, on its own motion give notice to any persons involved in such apparent noncompliance

---

proposed hearing is premature and should be quashed in the interest of judicial economy. It seems to us that answers to some of the questions raised by the appellant, particularly those sounding in the construction of the statute would expedite rather than delay the proceedings, and we decline to quash on our own motion.

and schedule a hearing for the purpose of determining whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered.

(c) The board shall establish rules of procedure, consistent with this act, which are reasonably calculated to expedite the hearing and determination of appeals to the board and to insure full payment of compensation when due.

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure.

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

(ii) Any penalty or interest provided for anywhere in this act shall not be considered as compensation for the purposes of any limitation on the total amount of compensation payable which is set forth in this act.

(iii) Claimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused.

Liberty Mutual first says that the board committed errors of law in refusing to order the referee not to conduct the hearing ordered by the department. Liberty Mutual's arguments under this heading are

highly technical. It first points to Subsection 435(c), and, ignoring a crucial phrase, says that it requires the board to establish rules of procedure for the conduct of the departmental hearing ordered in this case and that, the board having failed to make such rules, no hearing can be conducted. Liberty Mutual has obviously misread Subsection 435(c) which requires the board to establish rules to expedite the hearing and decision of appeals to the board and to ensure full payment of compensation when due and has no reference whatsoever to rules for departmental hearings such as that proposed here. Libery Mutual next says that since the board, not the department, is given power by Subsection 430(b) of the Act, 77 P.S. §971(b), to grant supersedeas and since a violation alleged to have been committed by Liberty Mutual in this case is that of failing to pay compensation after its application for a supersedeas had been refused by the Workmen's Compensation Appeal Board, only the board has power to impose penalties. This reading would produce the plainly absurd result that each of the authorities empowered to impose penalties by Section 435(d)—the department, the board and any court —would be impotent to impose penalties for an offense with which it had no prior involvement. Section 435 was intended to expedite cases and the payment of claims, not to produce new issues for litigation.

Liberty Mutual next argues that the hearing in this case could not be conducted fairly and with due process of law because the department has appointed the referee, a person under its supervision, to preside. This point was fully discussed by Judge DiSalle and rejected, in the recent case of *Lord v. Workmen's Compensation Appeal Board*, Pa. Commonwealth Ct. , A.2d (Nos. 1312, 1348 C.D. 1977, filed November 30, 1978). It needs no further treatment here.

Liberty Mutual makes still another what it calls a due process argument—that Subsection 435(d)(i) confers discretion upon the department, the board, or any court, as the case may be, to impose penalties but unconstitutionally provides no standards for determining whether or what amount of penalty should be imposed; by which we assume it intended to say that there exists an unconstitutional delegation of legislative power. We disagree. Clearly a sufficient standard for whether a penalty should be imposed is provided by Subsections 435(b) and 435(d) authorizing penalties for noncompliance with the Act or of rules and regulations. With regard to amount of penalties, the 10% and 20% ceilings seem to us to provide adequate quantitative limitations on administrative discretion. *Yakima County Clean Air Authority v. Glascam Builders, Inc.,* 85 Wash.2d 255, 534 P.2d 33 (1975).

Liberty Mutual says that Section 435 also offends Article III, Section 18 of the Pennsylvania Constitution, the workmen's compensation enabling provision, because of the possibility that the imposition of penalties on both employers and insurers would produce more than "reasonable compensation" to claimants. First, it seems to us that it would be a very unusual case in which both the employer and the insurance carrier would be found to have engaged in delays in the payment of compensation in violation of laws or regulations. Second, Liberty Mutual fails to mention that Article III, Section 18 also authorizes special or general remedies for the collection of compensation. Third, in the only cases, both quite old, we have been able to find dealing with the "reasonable compensation" limitation of Article III, Section 18, the only amounts of compensation condemned as unreasonable were amounts exceeding the actual pre-injury earnings of the worker-claimant. *Rich Hill Coal Company v. Bashore,* 334 Pa. 449, 7 A.2d 302 (1939); *Rudy v.*

*McCloskey,* 152 Pa. Superior Ct. 101, 30 A.2d 805 (1943), *aff'd.* 348 Pa. 401, 35 A.2d 250 (1944). Since the basic workmen's compensation rates provide no more than 66 2/3% of the worker's wages, it is highly unlikely that the penalties authorized by Section 435 even if considered to be compensation rather than a special collection device, would cause compensation to exceed earnings. Furthermore, no hearing having yet been held in this case, much less any penalty imposed, we have no basis for deciding that Liberty Mutual is going to pay Edward Wilson an unreasonable amount of compensation.

Finally, Liberty Mutual complains that Subsection 435(d)(iii), providing that employers and their insurance carriers found to be in violation of the Act may suffer penalties of as much as 20% of compensation but that a claimant causing delay may suffer only the loss of interest on his award, denies the former the equal protection of the laws. It seems to us too clear for serious argument to the contrary that the classification of workmen on one hand and their employers and the latter's insurance carriers on the other is reasonable. Nor do we see anything invidious in imposing penalties on employers and carriers who in violation of the law delay payment of compensation while depriving claimants who delay causes only of interest. Employers and carriers can profit by the use of money not promptly paid to workers; workers gain nothing from delaying their own causes.

We believe that we have disposed of all of Liberty Mutual's questions and for the reasons given we affirm the order of the Workmen's Compensation Appeal Board dismissing the appellants' petition.

### ORDER

AND Now, this 6th day of February, 1979, the order of the Workmen's Compensation Appeal Board denying appellants' petition is affirmed.