Shenango, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Salvatore Del Brocco), Respondents.

Argued May 6, 1982, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Joyce McKeever*, with her *John W. Read, Kirkpatrick, Lockhart, Johnson & Hutchison,* for petitioner.

*James R. Schmitt,* with him *John F. Will, Jr.,* and *Ronald Ganassi, Will & Keisling,* for respondents.

OPINION BY JUDGE MACPHAIL, July 19, 1982:

Shenango, Inc. (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order reinstating workmen's compensation benefits to Salvatore Del Brocco (Claimant) and dismissing Petitioner's termination petition. We affirm.

The referee's findings of fact, which are supported by substantial evidence in the record, reflect that Claimant injured his left shoulder while in the course of his employment as a chipper with Petitioner on May 29, 1978. He thereafter was paid compensation benefits for total disability pursuant to a notice of compensation payable. Claimant subsequently executed a final receipt verifying his return to work on June 26, 1978.

On March 2, 1979, Claimant suffered a recurrence of his disability. A supplemental agreement was entered on March 7, 1979 reinstating compensation benefits for total disability. Petitioner suspended Claimant's compensation payments, however, effective September 12, 1979,[1] when he returned to light duty work with Petitioner following an examination by a company physician who certified that, while Claimant's complaints of pain in his left arm had not diminished,

---

[1] We note that the referee's findings and the record show that although compensation payments to Claimant were suspended on September 12, 1979 it was not until December 3, 1979 that Petitioner filed a termination petition. Moreover, once the termination petition was filed the record does not indicate that Petitioner was either entitled to an automatic supersedeas or was granted a supersedeas thereby suspending its obligation to pay compensation to Claimant. See Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §774. Thus, the suspension of benefits could very well constitute a violation of Section 413(b) of the Act, 77 P.S. §774.1 which would in turn justify the imposition of a penalty pursuant to Section 435 of the Act, 77 P.S. §991. See Workmen's Compensation Appeal Board v. Mifflin-Juniata State Health Foundation, 19 Pa. Commonwealth Ct. 133, 338 A.2d 691 (1975). While the Board discussed the Petitioner's unilateral suspension of compensation payments in its opinion, the issue of penalties has not been raised in this appeal and there is no indication as to whether a separate action for penalties has already been instituted. We note that the Claimant or the Board could institute such an action. Edmond v. Workmen's Compensation Appeal Board, 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979).

he believed Claimant could perform certain light work. Claimant worked a total of seven days, performing janitorial duties, during which time he received medication at the plant dispensary for pain in his left arm. On September 20, 1979 Claimant reported off from work until further notice due to the pain in his arm. On September 24, 1979 Claimant's treating physician directed that Claimant not work for the following two weeks. Following a written warning issued on September 21, 1979 and a five-day suspension effective September 27 for unexcused absences, Claimant was discharged by Petitioner on October 1, 1979.

On October 9, 1979, Claimant filed a petition for reinstatement of his compensation benefits. Petitioner did not file any petitions indicating that its payment obligation under the supplemental agreement of March 7, 1979 had or should be suspended, modified or terminated, until December 3, 1979, when it filed a termination petition. The reinstatement and termination petitions were consolidated and a total of five hearings were conducted thereon between November 16, 1979 and July 28, 1980. In the interim, on or about April 15, 1980, Claimant returned with his family to live in Italy. Following the hearings held in this case, the referee ordered that Claimant's reinstatement petition be granted and that the termination petition be dismissed. Petitioner appealed to the Board which affirmed and the instant appeal was taken.

As a preliminary note, we believe that the appropriate procedure for Claimant to have employed in this case would have been a motion to the Department of Labor and Industry to conduct a hearing on Petitioner's failure to make timely compensation payments pursuant to the supplemental agreement of March 7, 1979. Such a hearing is allowed by Section 435(b) of the Act, 77 P.S. §991(b). *See Keystone Trucking Corp. v. Workmen's Compensation Appeal*

*Board*, 40 Pa. Commonwealth Ct. 326, 397 A.2d 1256 (1979). Since Claimant did not follow this procedure, and since Petitioner must clearly bear the burden of proof in order to have its compensation obligation modified or terminated, we will disregard the reinstatement petition insofar as it would place the burden of proof on Claimant, and address only the termination petition.[2]

Petitioner does not dispute the fact that Claimant continues to suffer from a physical impairment related to his injury of May 29, 1978. Instead, the issues presented to us in this appeal all relate to the basic question of whether or not Petitioner has satisfied its burden of proving the availability of light work which Claimant can perform. Both the referee and the Board concluded that Petitioner had the burden to show work availability in Italy, since that is Claimant's present work location. Petitioner argues that such a burden is too onerous and that it should only be required to prove that work is available to Petitioner in the vicinity of his previous United States residence, Aliquippa, Pennsylvania. Since we conclude that Petitioner has failed to prove work availability in either location— Pennsylvania or Italy—we need not resolve the unusual issue of whether an employer can be required to prove work availability in a foreign country under the circumstances presented in the present case.

In order to prevail in a termination petition case an employer must establish that "the claimant's disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work." *Republic Steel Corp. v. Workmen's Compensation Appeal Board*, 54 Pa.

---

[2] We think that any error committed by the referee in placing the burden of proof on Claimant to show a recurrence of his disability must be considered harmless error in light of the final result reached by the referee.

Commonwealth Ct. 509, 512, 422 A.2d 228, 229 (1980). Where the claimant can only perform work specially suited to his physical condition, the employer must show that such work is in fact within the claimant's reach. Absent such evidence the claimant must be compensated as for total disability. *Yellow Frieght System, Inc. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977).

Since the Petitioner had the burden of proof and did not prevail below, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Our review of the record has disclosed that the only evidence of job availability was presented by the petitioner at a hearing on June 4, 1980. That evidence was in the form of an offer of the same position that Claimant had attempted to perform in September, 1979. While this evidence might support a finding that work was available to Claimant, we must conclude that Petitioner has failed to prove that Claimant was capable of performing the work offered. The referee made the following pertinent findings on this point:

41. . . . your referee finds that the claimant since September 20, 1979 has been totally disabled for performing his regular occupation as a chipper *and the labor job available to him in the cafeteria,* which according to the testimony of the claimant and Dr. Deloglos, the company physician, included sweeping and washing walls.

. . . .

45. That as indicated the record clearly indicates that the claimant is disabled for performing the work to which he was assigned in September, 1979. (Emphasis added.)

These findings are supported by the following deposition testimony of one of Claimant's treating physicians:

Q. . . . Based on that history, Doctor, would he have been disabled from 9/19/79 when he last worked?

A. Yes. Since he had attempted to work up until that day, yes. Then when I saw him on four or five days later, I felt, again, that he was having enough problems he shouldn't, so I would say that he would have been disabled from that time, yes.

Q. And, Doctor, is it still your opinion, based upon reasonable medical certainty, that his disability is related to his initial injury that he had on 5/29/78?

A. That would be my opinion.

While there was conflicting evidence as to whether Claimant could perform the work offered, and the physicians were in general agreement that efforts should be made to rehabilitate Claimant to some form of employment, questions of credibility and the choice between conflicting testimony are for the referee to resolve. *American Refrigerator Equipment Co.* It is clear to us that the referee's finding that Claimant was not capable of performing the work offered is not in capricious disregard of competent evidence. In fact, the referee's detailed fact findings in this case demonstrate that he carefully considered all of the evidence presented before reaching his decision. We have found no disregard of evidence which someone of or-

dinary intelligence could not for a moment doubt or possibly challenge. *Cannon Boiler Works, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 546, 428 A.2d 293 (1981).

Since Petitioner has failed to prove that any work is available which Claimant is capable of performing, we will affirm the order of the Board.[3]

## ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board, No. A-80172, dated May 14, 1981, is affirmed and judgment is entered in favor of Claimant, Salvatore Del Brocco, and against Shenango, Inc. as follows:

Compensation as provided for in Supplemental Agreement No. 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, filed March 29, 1979, at the rate of $213.00 per week commencing September 20, 1979 and continuing thereafter within the limitations and provisions of The Pennsylvania Workmen's Compensation Act, together with 10% interest per annum on all deferred amounts of compensation payable hereunder.

It is further ordered that Shenango, Inc. pay the necessary medical expenses and costs incurred as itemized in the referee's Fact Findings Nos. 48 and 49, including reimbursement to the Claimant in the total amount of $108.00 and reimbursement to his counsel in the total amount of $555.76.

Reasonable attorney's fees in the total amount of $6,645.60 are approved and Shenango, Inc. is directed to deduct $42.60 from each week compensation that may become due and payable to the Claimant during the 156 week period beginning September 20, 1979 and

---

[3] We emphasize that our action in affirming the Board's order does not constitute approval of the Board's legal conclusion that Petitioner must prove the availability of work in Italy which Claimant can perform.

continuing through September 15, 1982, inclusive. The attorney's fees shall be forwarded, together with the aforementioned costs of $555.76, directly to:

    Will & Keisling
    200 Fleet St., Suite 4035
    Pittsburgh, PA 15220

All remaining payments of interest and compensation are to be paid and forwarded directly to the Claimant.