Matlack, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (William H. Rennie), Respondents.

Argued October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard L. Rosenzweig, Rosenzweig, Rosenzweig & Burton,* for petitioner.

*P. Andrew Diamond, Lewis and Stockey,* for respondent, William H. Rennie.

OPINION BY JUDGE BLATT, January 19, 1983:

The petitioner, Matlack, Inc. (Matlack) appeals a decision of the Pennsylvania Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to William H. Rennie (claimant) for a heart attack he sustained while in the course of his employment.

The claimant was employed by Matlack as a tractor-trailer driver driving long and short hauls, intrastate and interstate. Throughout the period of his employment, he consistently drove between ten to 12 hours per day, five to six days a week. On July 27, 1977 he fell while dismounting from a truck at a rest stop on the Pennsylvania Turnpike and suffered injuries to his left leg. He filed a claim, had a hearing, and was awarded benefits by the referee who found that the claimant had suffered physical incapacitation. This disability existed from August 4, 1977 until October 1, 1977 when the claimant returned to work. In a

subsequent unrelated incident on May 23, 1978, however, while driving one of Matlack's tanker-trucks for a period in excess of four hours, he suffered a heart attack. The referee, in awarding benefits for this later claim, found that the stress and physical fatigue involved in his work for Matlack, both in general and on that day, was a substantial factor which precipitated his heart attack, that he was physically incapable of returning to work as either a tanker driver or in other minor work, and that he was totally disabled. The Board affirmed the referee's award of benefits for both injuries and the instant appeal ensued.

In a workmen's compensation case, where as here, the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether or not an error of law was committed or any necessary finding of fact was unsupported by substantial evidence in the record, leaving questions of evidentiary weight and credibility to the referee. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Furthermore, we have recognized in heart attack cases, where the causal connection between a claimant's disability and his work is not obvious, that the medical evidence of record taken as a whole must be of an unequivocal nature. *City of New Castle v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 25, 441 A.2d 803 (1982); *see City of Wilkes-Barre v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980).

Matlack argues first that the claimant failed sufficiently to establish the causal connection between the work activity and his heart attack, and that some medical testimony indicated that other contributing factors such as a preexisting disease, emotion, or eating habits caused the heart attack.

Our close examination of the record in its entirety discloses, *inter alia,* testimony by the claimant's medical expert that, although the claimant was suffering from a preexisting deteriorating heart condition, it was the stress[1] and the working conditions of his job which precipitated his heart attack. The fact that evidence to the contrary was introduced by Matlack is not a basis for reversal because, as we have observed, it is the referee's province, not this Court's, to determine credibility and evidentiary weight. *American Refrigerator.* Similarly, the existence of the claimant's preexisting coronary disease will not bar him from the reception of benefits because he need only show within a reasonable degree of medical certainty that his work activity or conditions either triggered or influenced his death by aggravating such preexisting condition. *Matakonis v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 567, 415 A.2d 1286 (1980).

Matlack argues next that the Board erred in affirming the referee's award of benefits to the claimant for the temporarily disabling leg injury he sustained on July 27, 1977. The record indicates, however, testimony by both the claimant and his driving partner as to the injury sustained on that day by the claimant. This, we believe, constitutes substantial evidence which the referee could properly consider and accept where the injury and relation to employment is obvious. *See Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979) (medical testimony not required where the relationship between the work incident and injury is obvious).

---

[1] *See Breen v. Pennsylvania Crime Commission,* 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980); *Owens v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979).

274

For the foregoing reasons, we will affirm the order of the Board.

ORDER

AND NOW, this 19th day of January, 1983, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.