Memorial Osteopathic Hospital, Petitioner *v.* Workmen's Compensation Appeal Board (Brandon, a/k/a Williams et al.), Respondents.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Daniel K. Deardorff, William F. Martson, P.C.,* for petitioner.

*David L. Lutz,* with him *Joseph M. Melillo, Angino & Rovner, P.C.,* and *James F. Carl, Metzger, Wickersham, Knauss & Erb,* for respondents.

OPINION BY JUDGE CRAIG, October 13, 1983:

In this workmen's compensation appeal, petitioner Memorial Osteopathic Hospital appeals an order of the Workmen's Compensation Appeal Board, affirming a referee's decision to reinstate benefits for the claimant, Marian Williams.

The questions are (1) whether there is substantial evidence to support the referee's findings that Williams has a current disability caused by an injury sustained during the course of her employment at Memorial Hospital; and (2) whether the referee capriciously disregarded competent evidence in finding that Memorial did not prove availability of suitable work for Williams. We affirm the order of the board on both questions.

The board made the following findings of fact. In August, 1979 Marian Williams sustained an injury to the left groin area while moving a mattress in the course of her employment as a licensed practice nurse (LPN) at Memorial Osteopathic Hospital. The injury required hospitalization, and in October, 1979 Williams began receiving workmen's compensation benefits. After moving to Harrisburg, Williams worked as a file clerk for Maryland Casualty Insurance from December, 1979 until September, 1980, when the pain forced her to leave her position and seek additional medical treatment.

Memorial successfully petitioned for termination of benefits as of January 31, 1980. Williams did not appear at the termination hearing because Memorial was unable to locate her to give notification of the proceeding.

However, in September, 1980 Williams successfully petitioned for the reinstatement of workmen's compensation benefits, retroactive to February 1, 1980, which is the decision now at issue.

## 1.

On a reinstatement petition, the claimant bears the burden of establishing that a disability has increased or recurred after the date of the prior award, and, to meet this burden, must show that his or her physical condition has actually changed in some manner. *Harris Weinstein/Clyde Shirt Co. v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 598, 443 A.2d 857 (1982).

The parties presented a great deal of conflicting expert medical testimony in this case, much of which dealt with the diagosis of Williams' groin problem. The pivotal issue, however, was not the precise diagnosis, but whether Williams did in fact have a current disability, and, if so, whether it was a recurrence of the injury she sustained while working for Memorial, or an aggravation caused by her work for Maryland Casualty. The first employer is liable for a recurrence of the original injury, but a later employer is liable for an aggravation which occurs as a result of work for the later employer. *C. W. Brown Coal Co. v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 539, 437 A.2d 458 (1981).

Williams presented the testimony of Dr. Robert H. Ostdahl, a neurosurgeon, who expressed his opinion, to a reasonable degree of medical certainty, that Williams did have a disability and that it was a recurrence of the injury she sustained while working for Memorial.[1]

---

[1] Dr. Ostdahl testified in part as follows:

Q. Did you make a diagnosis?

A. In very medical conditions, however, realizing the nature of the situation, yes, in my opinion, she is suffering from a left illioinguinal nerve entrapment syndrome and in all medical probability and in all medical—with reasonable certainty, this was caused by the injury which she initially sustained because of the fact that she had had this ever since then and had never had it before.

Dr. Ostdahl's testimony is competent evidence which supports the referee's finding of disability stemming from the injury Williams sustained while working for Memorial. Although Memorial presented conflicting testimony of Dr. Perry A. Eagle, who testified that, in his opinion, Williams did not have a disability at all, the referee was free to reject that testimony. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 57, 423 A.2d 1142 (1981). In addition to the medical evidence, the record contains lengthy testimony of Marian Williams regarding the persistence of her pain since the accident in August, 1979. The referee found this testimony to be "highly credible." Issues of credibility and evidentiary weight are solely for the resolution of the referee, and this court may not disturb those determinations. *Matlack v. Workmen's Compensation Appeal Board,* 71 Pa. Commonwealth Ct. at 270, 454 A.2d 1172 (1983).

Hence there is substantial evidence[2] of record to support the findings of the referee with regard to the existence and cause of Williams' disability.

## 2.

Memorial also contends that the referee and board erred in failing to find that the hospital had met its burden of proving that suitable work was available to Williams. *Shenango v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 500, 447 A.2d 717 (1982).

---

[2] Where, as on this point, the party with the burden of proof prevailed below, our scope of review is limited to a determination of whether the referee committed an error of law or made necessary findings of fact which are not supported by substantial evidence of record, leaving questions of evidentiary weight and credibility to the referee. *Matlack,* 71 Pa. Commonwealth Ct. at 271-2, 454 A.2d at 1173 (1983).

The director of nursing at Memorial testified that the hospital had offered Williams her former LPN position at increased wages, but Williams had refused the offer. The record contains conflicting testimony regarding the suitability of an LPN position for Williams, considering the physical limitations imposed by her groin injury. Memorial's expert, Dr. Eagle, testified that, in his opinion, Williams could return to work as a LPN with a twenty-pound weight restriction, which the hospital agreed to allow. Dr. Ostdahl testified, however, that Williams could not engage in work requiring any physical exertion without aggravating her pain and discomfort, and that the duties of a LPN usually involve such physical exertion.[3]

In addition, Williams testified that she believed that the pain in her groin area would prevent her from assuming the duties of a LPN, even though the hospital had agreed to allow her lighter duties.

Thus there is competent, credible evidence to support the referee's finding that the LPN position offerred to Williams is not suitable considering her physical limitations. The fact that there is conflicting testimony does not indicate that the referee capriciously disregarded that evidence,[4] but only that he found the testimony offered by Williams more cred-

---

[3] Dr. Ostdahl testified:

Q. Was it your testimony before that if she attempted to once again be a licensed practical nurse with her current condition, that there was little in the job description, as you understand it, that she could do besides showing up?

A. Probably.

[4] Where, as on this point, the party with the burden of proof did not prevail below, this court's scope of review is limited to determining whether the referee's findings are consistent with each other and with the conclusions of law and whether we can sustain them without a capricious disregard of competent evidence. *Marincov v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 194, 454 A.2d 670 (1983).

ible and therefore ruled in her favor. The resolution of credibility issues and conflicts in medical testimony is the exclusive domain of the referee, and we are not free to overturn his decision. *Cox v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

We therefore affirm the order of the board.

ORDER

Now, October 13, 1983, the order of the Workmen's Compensation Appeal Board, dated December 16, 1982, affirming the referee's decision reinstating Marian Williams' workmen's compensation benefits, retroactive to February 1, 1980, is affirmed.