505 A.2d 1370

Thomas Tanski, Petitioner *v.* Workmen's Compensation Appeal Board (DeBaldo Brothers, Inc.), Respondents.

Submitted on briefs December 27, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

No appearance for respondent.

OPINION BY JUDGE CRAIG, March 12, 1986:

Thomas Tanski appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision dismissing Tanski's petition for reinstatement. We affirm.

Tanski was employed by DeBaldo Brothers, Inc. from 1969 to 1979 as a heavy equipment operator. From October 6, 1976 to December 20, 1976, Tanski did not work because his physician advised him to avoid any further exposure to work-generated stress and prescribed a major tranquilizer. Thereafter, Tanski filed a claim petition alleging that the stress injury was work-related. After a hearing, a referee found that Tanski's stress injury was work-related and awarded benefits for a period of 10 and 5/7 weeks. The referee's decision was affirmed by the board and this court.[1]

On November 23, 1981, Tanski filed a petition for reinstatement of the then-expired benefits. After a hearing, a referee found that Tanski failed to prove that the cause of the recurrence was the 1976 injury. The board affirmed and this appeal followed.

Tanski contends that the decision is in error because the referee is precluded by collateral estoppel from rejecting the causative factor that he found in the earlier case.

---

[1] *DeBaldo Brothers, Inc. v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 632, 411 A.2d 1277 (1980).

In *McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 618-19, 300 A.2d 815, 820-21 (1973) we stated:

> In the development and application of collateral estoppel, Pennsylvania courts have adhered to the general rule set forth in §68(1) of the Restatement of Judgments: 'Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. . . .'
>
> . . . .
>
> From this rule the courts have directly noted several basic requirements. Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel in the second action only as to those matters in issue that (1) are identical; (2) were actually litigated; (3) were essential to the judgment (or decree, as the case may be); and (4) were 'material' to the adjudication.

Although we agree with Tanski that the referee would be precluded from now finding that Tanski's original stress injury was not work-related, the issue before the referee was whether there was a recurrence of the original stress injury, a question not identical to the original issue.[2]

---

[2] On a reinstatement petition, the claimant bears the burden of establishing that a disability has increased or recurred after the date of the prior award, and, to meet this burden, must show that his or her physical condition has actually changed in some manner. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon, a/k/a Williams et al.)*, 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983).

The referee determined that Tanski failed to sustain his burden of proof, basing that decision on the deposition of Dr. Spence. Tanski argues that the referee is barred from relying on Dr. Spence's deposition because it reflects the doctor's expert opinion that the original injury was not work-related. Although Dr. Spence at pages 11 through 15 of the deposition, did express an opinion that Tanski's stress injury was self-generated rather than caused by the DeBaldo employment—and that opinion could be read as negating the job-related nature of the original injury—Dr. Spence subsequently expressed an opinion directed specifically to the germane issue of recurrence. On pages 16 through 20 of his deposition, in answering a hypothetical question which focused on the alleged recurrence of the stress injury while Tanski was employed by subsequent employers, Dr. Spence also opined that the later stress injury was self-generated, thus negating that it was a recurrence of the stress injury caused by the DeBaldo employment.

The referee's Finding No. 12 reveals that the referee took Dr. Spence's testimony precisely as described above. That finding reads:

> Your referee finds the testimony of Dr. Spence to be enlightening on the reasons for the present problems of claimant even though Dr. Spence was of the opinion that claimant's past problems were not traceable in a cause and effect sense to his employment with defendant.

The referee was entitled to ignore Dr. Spence's opinion concerning the original injury and consistently believe and accept his opinion as to the cause of the later stress injury. *Lehigh Valley Coal Sales Co. v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 59, 443 A.2d 1339 (1982). We conclude that the referee did not err in finding that Tanski failed to meet his burden of proving that the re-

currence of the original stress emerged from Tanski's employment with DeBaldo.

Accordingly, we affirm the order of the board.

ORDER

Now, March 12, 1986, the order of the Workmen's Compensation Appeal Board, No. A-86500, dated October 11, 1984, is affirmed.