523 A.2d 1216

Textron, Inc.—Townsend Co., Petitioner v. Workmen's Compensation Appeal Board (Morack), Respondents.

Argued October 6, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Dominic D. Salvatori,* for petitioner.

*William F. Goodrich,* with him, *James A. Bosakowski, Dixon & Goodrich, P.C.,* for respondent, Albert J. Morack.

OPINION BY JUDGE BARRY, April 14, 1987:

Textron, Inc.,—Townsend Co., (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which adopted and affirmed a referee's decision to grant benefits to claimant, Albert Morack, under Section 301(e) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of October 17, 1972, P.L. 930, 77 P.S. §413.

Claimant was employed as an electroplater which involves the cleaning and polishing of ferrous and non-ferrous wire products. On October 7, 1977, in the course of his employment, claimant was drying rivets in a pit when he was pinned in the pit by a hopper. He sustained injuries consisting of a fractured lumbar vertebra, strained right knee and multiple bruises and abrasions. He was awarded workmen's compensation benefits which were not contested. The parties agreed to suspend benefits on May 1, 1978. On that date, claimant returned to work as an electroplater wearing a back brace. Claimant sustained various injuries on four different occasions between 1978 and March of 1982. These injuries included injuries sustained from a fall as well as acid burns and a slight reinjury to his back. The acid burns were the result of the splashing of various chemicals which claimant used to perform his responsibilities. In April of 1982, claimant was assigned to work as a bright polish wet barrel operator which involved cleaning, polishing and degreasing ferrous and non-

ferrous plated and non-plated wire products. On April 24, 1982, claimant reinjured his back performing these duties when a hoist cable snapped and caused him to fall backward. He was treated and released for light duty work. On August 20, 1982, claimant was removed from light duty work and scheduled to return to work as a bright polish wet barrel operator on August 23, 1982. On the morning of August 23, 1982, claimant attempted suicide by ingesting a mixture of Drano plumbing liquid and water. He was hospitalized for one week for treatment of internal burns then discharged to the local Community Mental Health Center where he was diagnosed by Dr. Thomas M. Robb as having suffered from a major depressive episode. Claimant filed for workmen's compensation benefits alleging disability due to psychological injury. The referee found that claimant experienced a genuine fear of returning to work as a bright polish wet barrel operator and that this fear arose from claimant's October 7, 1977 injury, that this fear exacerbated an underlying pre-disposition on claimant's part to experience depressive episodes. He concluded that claimant sustained a recurrence of his October 7, 1977 disability and was entitled to a reinstatement of compensation for his psychological disability.[1]

Our scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires that we affirm the adjudication of the Board unless we find that this adjudication is in violation of the constitutional rights of the employer, or is not in accordance with the law, or that any findings of fact are not supported by

---

[1] Claimant originally filed a claim petition seeking benefits for a new injury. The referee treated the petition as one for reinstatement of compensation for reasons which are apparent in this opinion.

substantial evidence. *Estate of McGovern v. State Employees' Retirement System,* 512 Pa. 377, 517 A.2d 523 (1986). The burden of proof in a petition to reinstate benefits is on the claimant to establish that a disability has increased or recurred after the date of the prior award. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board,* 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983).

Employer's major challenge to the referee's decision involves its contention that no unequivocal medical testimony was presented by claimant to show a causal relationship between claimant's depression and the original back injury sustained on October 7, 1977. Therefore, employer concludes, claimant's psychological injury could not be causally related to claimant's work. Employer points out that claimant sustained the October 7, 1977, original injury while working as a bright polish wet barrel operator but sustained the other less serious injuries as an electroplater, the job to which he was scheduled to return on August 23, 1980, and which scheduled transfer allegedly precipitated the suicide attempt. Thus, it contends that claimant was exposed to relatively normal working conditions. In these circumstances, a work related psychological illness is not compensable under existing case law. *See Thomas v. Unemployment Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 423 A.2d 784 (1980).

Initially we note that, in his finding of fact # 26, the referee finds that claimant's fear of injury is genuine observing that the injury sustained could have been far more serious. Given the undisputed nature of claimant's work, and the original physical injury sustained on October 3, 1977, compounded by additional less serious injuries in the ensuing years, this finding is amply supported by the record. Thus, we reject employer's contention that claimant's fear at work was a subjective reaction to normal working conditions.

We turn now to the issue of whether there is a caus-al connection between the October 7, 1977 injury and claimant's suicide attempt. It is true that Dr. Robb did not specifically attribute claimant's depression to his ini-tial injury on October 7, 1977. However, to summarize his testimony, he opined that the original injury caused claimant to suffer anxiety which exacerbated claimant's pre-existing depressive disorder which, in turn, and further exacerbated by a series of less serious injuries, catalyzed claimant's suicide attempt. He testified that claimant is still seen as depressed and, as such, is ex-tremely vulnerable to the increasing urge to take his own life. He further testified that, based on this diagno-sis, in his opinion claimant was disabled; he recom-mended against continued employment with the em-ployer. Taken as a whole, Dr. Robb's testimony ade-quately supports the referee's critical finding of fact that claimant's psychological injury was not a new injury but a result of the October 7, 1977 vertebra fracture.

This case is similar to, but distinguishable from, *Thomas*. In *Thomas*, the claimant, hindered by physical complications resulting from polio, suffered burns and leg injuries in a fire at the refinery at which he was em-ployed on May 17, 1970. He also observed a co-worker suffer fatal injuries from this fire. Claimant experienced subsequent emotional and physical reactions in the form of anxiety, irritability, restlessness, depression, sleeplessness and nightmares and an eventual nervous breakdown. In August of 1975, five years after the initial accident, he was watching a refinery fire on the televi-sion evening newscast. The following day he left work early and never returned. He was diagnosed as suffer-ing from post-traumatic neurosis. The Board reversed the referee's award of benefits and this Court affirmed the Board concluding that a non-work related event which triggers a psychiatric disability is not a compen-

sable injury. We concluded that, in that case, the claimant failed to adduce evidence which showed that he suffered from a distinct psychiatric injury in August of 1975. We reasoned that an identifiable work-related physical injury must accompany the mental illness and the two injuries, physical and mental, must occur close in time to one another. The distinguishing factor between this case and the *Thomas* case is that here claimant suffered a series of work related physical injuries following his original injury which compounded his fear of sustaining additional injuries and triggered the onset of depression which culminated in a suicide attempt after he was informed that he was reassigned to his original duties. In *Thomas,* no further physical injuries occurred after the initial injury. The causal nexus was neither evident by the basic facts nor proven by the claimant and was seen by this Court as being quite remote.

We conclude that claimant has met his burden of proving a psychiatric disability through the presentation of unequivocal medical evidence in the form of Dr. Robb's testimony. We affirm the Board.

ORDER

Now, April 14, 1987, the order of the Workmen's Compensation Appeal Board, dated January 10, 1985, at No. A-87247, is affirmed.