IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Elliott,　　　　　　　　　　:
　　　　　　　　Petitioner　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
City of Pittsburgh (Workers'　　　　:
Compensation Appeal Board),　　　　:　　No. 885 C.D. 2022
　　　　　　　　Respondent　　　　　:　　Submitted: October 10, 2023


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, President Judge
　　　　　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON　　　　　　　　　FILED: November 6, 2023


　　　　　Kenneth Elliott (Claimant) petitions for review from the August 11, 2022, decision and order of the Workers' Compensation Appeal Board (Board), which affirmed the February 10, 2022, decision and order of the Workers' Compensation Judge (WCJ). The WCJ granted the modification petition filed by Respondent, the City of Pittsburgh (Employer), and changed Claimant's benefit status from temporary total disability (TTD) to temporary partial disability (TPD) based on a September 8, 2021, impairment rating evaluation (IRE). Upon review, we affirm the Board's order.

## I. Factual & Procedural Background

The underlying facts are not in dispute and were presented in a prior related matter between the same parties:

> In August 2003, Claimant sustained a back injury in the course and scope of his employment with [Employer]. In December 2012, he underwent an [IRE] provided for in former Section 306(a.2) of the Pennsylvania Workers' Compensation Act (Act),[1] which resulted in an impairment rating of less than 50%. Employer then filed a modification petition, and in a March 2014 decision and order, a WCJ modified Claimant's disability status from total to partial as of the December 2012 IRE date.
>
> In April 2021, Claimant filed a reinstatement petition seeking a return to total disability status based on the Pennsylvania Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).[2] In accordance with this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*), the WCJ ordered the reinstatement to be effective as of the date of Claimant's reinstatement petition.
>
> Claimant appealed to the Board, arguing that his reinstatement should have been effective as of the 2012 modification date. The Board affirmed the WCJ's decision and order.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[2] In *Protz*, our Supreme Court held that former Section 306(a.2) unconstitutionally delegated legislative authority to a private party, the American Medical Association (AMA), concerning the standards in the AMA Guides used to determine IRE ratings. 161 A.3d at 837-38. Concluding that the problematic language in former Section 306(a.2) could not be severed from the rest of the section, our Supreme Court held that the entirety of former Section 306(a.2) was unconstitutional and struck it from the Act. *Id*. at 840-41.

2

*Elliott v. City of Pittsburgh (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 352 C.D. 2022, filed Feb. 6, 2023), 2023 WL 1773950 (unreported) (affirming on basis that reinstatement was only warranted as of Claimant's post-*Protz* April 2021 reinstatement petition and not as of the original IRE and modification to TPD benefit status in December 2012).

After the April 2021 reinstatement of Claimant's TTD benefit status, Employer filed a modification petition on September 9, 2021, stating that Claimant underwent a second IRE on September 8, 2021, which returned an impairment rating of 8%. Certified Record (C.R.) at 25. Employer asserted that under Act 111,[3] which replaced former Section 306(a.2) of the Act and restored the IRE process in October 2018, Claimant's benefit status should again be modified from TTD to TPD.[4] During the litigation, the doctor who performed Claimant's IRE stated in a deposition that the highest possible impairment rating in the American Medical Association's IRE Guides for Claimant's spinal injury, an annular tear at L2-L3, was 33%, two points below Act 111's 35% threshold for an IRE to result in modification of a claimant's status from TTD to TPD. C.R. at 26.

The WCJ granted Employer's modification petition in a February 10, 2022, decision and order, which acknowledged that Claimant raised and preserved constitutional claims regarding Act 111. C.R. at 25-27. The Board affirmed, acknowledging that it did not have the authority to rule on the constitutionality of the Act, but citing authority from this Court upholding Act 111 and its "credit provisions," which allow employers to claim credit for weeks of partial benefits paid

---

[3] Act of October 24, 2018, P.L. 714, No. 111.

[4] Act 111 lowered the previous IRE statute's threshold for modification from 50% to 35% but maintained the 500-week duration of TPD benefits as compared with TTD benefits, which have no time limit. 77 P.S. §§ 511.3, 512(1).

to claimants prior to Act 111. *Id*. at 42-44. The practical effect of these decisions is that Employer no longer pays Claimant any benefits, as his 500 weeks of TPD have expired. *Elliott*, slip op. at 2-3 n.2, 2023 WL 1773950, at *1 n.2. Claimant has appealed to this Court.

## II. Issues

Claimant raises two constitutional issues.[5] First, he asserts that Act 111 violates the due process and due course of law protections of the Pennsylvania Constitution. Next, he asserts that Act 111 violates article III, section 18 of the Pennsylvania Constitution, Pa. Const. art. III, § 18, because the IRE process does not result in "reasonable compensation" for injured workers. Claimant's Br. at 4.

## III. Discussion

### A. Due Process and Due Course of Law

Claimant first asserts that Act 111 cannot be applied to instances where the work-related injury occurred prior to Act 111's effective date of October 24, 2018. Claimant's Br. at 14-34. The essence of Claimant's argument is that when our Supreme Court struck the former IRE provision in *Protz* as unconstitutional, that decision entailed full retroactivity, rendered the former IRE provision void *ab initio*, and restored the legal status quo to the time before the IRE process was implemented into the Act in 1996. *Id*. At that time, a claimant's total disability status could not be modified to partial unless the employer established with medical evidence that the claimant's disability, or lack of earning power via inability to work, had lessened.

---

[5] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 605 n.5 (Pa. Cmwlth. 2018).

4

*Id.*; *see DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022) (discussing Section 413(a) of the Act, 77 P.S. § 772). Claimant posits that after *Protz*, the IRE provisions were rendered void *ab initio*, claimants retained vested rights in TTD benefit status until and unless the employer met the previous burden for modification, and that applying the "credit provisions" of Act 111 to claimants whose injuries occurred before October 24, 2018, violated those vested rights as set forth in the Pennsylvania Constitution's due process and remedies clauses. *Id.*; *see* Pa. Const. art. I, §§ 1 & 11.[6] Employer points to this Court's previous decisions rejecting these arguments and asserts that those decisions were correctly reasoned. Employer's Br. at 5-21.

As Employer aptly observes, this Court has repeatedly rejected Claimant's arguments based on due process and due course of law. In *DiPaolo*, we stated: "[W]hile it is true that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them, claimants do not acquire a vested right in [TTD] status at any given time because that status has always been subject to potential litigation by employers." 278 A.3d at 435-36. Therefore, "this Court has consistently held that Act 111 does not abrogate or substantially impair a claimant's vested rights in workers' compensation benefits because there is no right to ongoing TTD status." *Id.* at 435. As such, Act 111 violates neither due process nor due course of law constitutional protections when applied to claimants whose injuries preceded Act 111's effective date of October 24, 2018. *Id.* at 438. Claimant has raised no new arguments in this regard in his brief to this Court; therefore, we decline to revisit our settled precedent on this issue. Claimant's first claim is meritless.

---

[6] The Pennsylvania Association for Justice has filed an *amicus* brief in this matter with similar arguments.

## B. Article III, Section 18 of the Pennsylvania Constitution

Claimant next argues that Act 111, which restored the IRE to the Act, violates article III, section 18 of the Pennsylvania Constitution because the IRE process does not result in "reasonable compensation" for injured workers. Claimant's Br. at 34-46. Employer relies on this Court's previous decisions rejecting the same arguments Claimant poses here. Employer's Br. at 5-21.

Article III, section 18 of the Pennsylvania Constitution states, in relevant part:

> The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of *reasonable compensation for injuries to employes arising in the course of their employment*, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof[.]

Pa. Const. art. III, § 18 (emphasis added).

In *DiPaolo*, we observed that article III, section 18 "has traditionally been the subject of litigation over the reasonability of amounts or rates of compensation received by a claimant." 278 A.3d at 439 (citing *Rich Hill Coal Co. v. Bashore*, 7 A.2d 302 (Pa. 1939); *Keystone Trucking Corp. v. Workmen's Comp. Appeal Bd.*, 397 A.2d 1256 (Pa. Cmwlth. 1979); and *Rudy v. McCloskey & Co.*, 30 A.2d 805 (Pa. Super. 1943)); *see also Zahrobsky v. Westmoreland Coal Co.*, 25 A.2d 823, 824 (Pa. 1943) (discussing article III, section 18 and stating that "[w]ithin the limitation of reasonableness, the legislature is constitutionally empowered to fix both maximum and minimum rates of compensation").

6

In *DiPaolo*, the claimant's article III, section 18 challenge asserting that the IRE process does not result in reasonable compensation presented a question of first impression. We analyzed pre-*Protz* case law addressing the IRE process, including *Whitfield*, which concluded that in the workers' compensation context, disability usually pertains to lost earning power, but is also a "term of art" that can relate to a claimant's status as being totally or partially disabled. *DiPaolo*, 278 A.3d at 440. We also considered *Diehl v. Workers' Compensation Appeal Board (IA Construction)*, 972 A.2d 100, 107 (Pa. Cmwlth. 2009), which held that the former IRE provision allowed for modification under either an earning power or IRE mechanism and that "[a]n employer is free to prove one or the other. However, the employer need not prove both earning power and level of impairment to effect a change in the claimant's disability status." *Id*. We then concluded:

> As the foregoing cases illustrate, this Court has not found IREs to be inherently unreasonable as an alternate means for employers to modify a claimant's status from TTD to TPD. Additionally, we have previously rejected arguments that IREs are inherently unreasonable because they do not depend on a showing by an employer of a claimant's resumed earning power. We therefore conclude that Act 111's restoration of the IRE process does not violate the "reasonable compensation" aspect of Article III, Section 18 of the Pennsylvania Constitution.

*DiPaolo*, 278 A.3d at 441.

Claimant critiques *DiPaolo*, stating that while the General Assembly's purpose for enacting the original IRE provisions in 1996 may have been rational and based on an appropriate balancing of workers' and employers' interests, that legislation did not result in reasonable compensation under the constitutional standard. Claimant's Br. at 35-36. Claimant asserts that cutting off TPD benefits at 500 weeks based on an evaluation of impairment as a physical and functional matter,

7

rather than on an evaluation of disability that requires consideration of the claimant's ability to work and earn, cannot result in reasonable compensation. *Id*. at 37-40. Claimant adds that in his case, using an IRE to modify his status to TPD is particularly unreasonable because the maximum impairment rating for his particular injury is 33%, which is two points below Act 111's 35% threshold for modification, the import being that under the IRE regime, Claimant's injury could never qualify him to remain on TTD regardless of his asserted inability to resume working and restore his earning power. *Id*. at 39.

Claimant's article III, section 18 position, which depends on the pre-IRE method of modification, resembles his due process/due course of law argument. Here, the challenge is aimed at the IRE process itself rather than its application to claimants whose injuries preceded Act 111's October 2018 effective date. However, the result is the same. In *DiPaolo*, we established that even though an IRE does not evaluate disability as a measure of lost earning power, it is not an inherently unreasonable method for an employer to use in seeking to change a claimant's benefit status. 278 A.3d at 440-441. As such, we concluded that when an IRE returns an impairment rating below 35% and a claimant's benefit status is modified to TPD, with its 500-week cutoff, that modification does not result in a violation of the "reasonable compensation" language in article III, section 18.[7] *Id*. Claimant's

---

[7] Claimant's specific assertion that modification of his benefit status to TPD based on his September 2021 IRE results in unreasonable compensation because the maximum impairment rating in the AMA Guides for his specific spinal injury is only 33%, which is 2 percentage points below Act 111's modification threshold of 35%, is unavailing. Even if Claimant cannot attain or restore TTD status under the IRE regime, the Act has always provided both claimants and employers with the general ability to petition for a change in benefits at any time based on "proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased." 77 P.S. § 772. In any such litigation, Claimant would have the opportunity to testify and/or present medical evidence that, regardless of the AMA Guides and his IRE results, his earning power was such that his status should not have been modified to TPD. *See DiPaolo*, 278 A.3d at 435-36.

arguments in this matter do not establish that *DiPaolo* was incorrectly decided. Therefore, Claimant's second claim is also meritless.

## IV. Conclusion

Claimant has failed to show that Act 111's provisions allowing employers to credit previously paid benefits weeks violate either due process or due course of law principles. Claimant has also failed to show that by reenacting the IRE process, Act 111 violates article III, section 18 of the Pennsylvania Constitution. The Board's order is therefore affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Elliott,
             Petitioner

        v.

City of Pittsburgh (Workers'
Compensation Appeal Board),
             Respondent

:
:
:
:
:
:
:
:
:    No. 885 C.D. 2022
:

# O R D E R

AND NOW, this 6th day of November, 2023, the August 11, 2022, order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge